IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00354-WYD-KLM

CHRIS BERNARD HUGHES,

    Plaintiff(s),

v.

COLORADO DEPARTMENT OF CORRECTIONS, a Department of the State of Colorado;
COLORADO PAROLE BOARD, a Department of the State of Colorado; and
RRK ENTERPRISES, INC., d/b/a INDEPENDENCE HOUSE, INC., a Colorado corporation,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **State Defendants' Motion to Compel Plaintiff to Sign Medical/Mental Health Release** [Docket No. 66; Filed August 7, 2008] ("Motion to Compel Release") and **State Defendants' Motion to Compel Discovery** [Docket No. 67; Filed August 7, 2008] ("Motion to Compel Discovery"). The Court has reviewed the Motions, Plaintiff's Response to Defendants' Motion to Compel Release [Docket No. 69; Filed September 2, 2008], Defendants' Reply in Support of Motion to Compel Release [Docket No. 75; Filed September 12, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

**I.    Background**

Plaintiff's Second Amended Complaint was filed pursuant to 42 U.S.C. § 1983 and

the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and alleges that Defendants were deliberately indifferent to his serious mental health needs, in violation of the ADA and the Eighth and Fourteenth Amendments [Docket No. 42; Filed February 22, 2008].

## II.     Motion to Compel Plaintiff to Sign Medical/Mental Health Release

In their first Motion, Defendants Colorado Department of Corrections ("CDOC") and Colorado Parole Board (collectively the "State Defendants") seek an order compelling Plaintiff to sign a medical/mental health release so that the State Defendants may obtain copies of his medical/mental health records.  *Motion to Compel Release* [#66] at 1. Defendants argue that Plaintiff's Complaint "revolve[s] around his mental health condition. Thus, [Plaintiff] has placed his mental health condition directly at issue. [Plaintiff] has also alleged he suffered 'physical and mental injuries, including, but not limited to, depression and anxiety and their related physical illness manifestations.'" *Id.* at 2.  Defendants argue that they seek access to various medical and mental health records, but cannot gain them without a signed release from Plaintiff.  *Id.*  Defendants further argue that Plaintiff's attorneys "have been promising to provide a HIPAA release since August 28, 2007," and that Defendants' counsel has requested that the release be signed on six different occasions, but that Plaintiff has failed to execute the release.  *Id.* at 1-4.  Defendants request that Plaintiff be compelled to sign the release, and that Plaintiff be required to pay State Defendants' reasonable expenses incurring in filing the Motion, including attorney's fees.  *Motion to Compel Release* [#66] at 6.

Plaintiff's counsel responds that Plaintiff does not object to signing a release for State Defendants, but that Defendants have not received the release due to problems that Plaintiff, who is currently incarcerated, has had with sending and receiving mail. *Response* [#69] at 1. Plaintiff's counsel suggests that Defendants send the release directly to the prison for Plaintiff's signature. *Id.* at 2. Because Plaintiff has stated that he does not object to signing the release, and because the Court finds that Defendants are entitled to obtain Plaintiff's mental health records as he has put his mental health at issue in the case, the Motion will be **GRANTED**, as set forth below.

Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii):

> [i]f the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: . . . (iii) other circumstances make an award of expenses unjust.

Although the Motion to Compel will be granted, Plaintiff's counsel has stated that Plaintiff has not received mail that she has mailed to him and that he has sent mail which his counsel did not receive. *Response* [#69] at 1. Because Plaintiff's counsel is an attorney and an officer of the Court, the Court is entitled to rely on the veracity of her statements. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996). Given the circumstances surrounding Plaintiff's failure to respond, and the fact of his incarceration, the Court finds that an award of expenses in relation to this Motion to Compel would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). **However, Plaintiff and his Counsel are warned that failure to cooperate with discovery or comply with court orders in the**

**future will result in the imposition of sanctions.**

Accordingly, IT IS HEREBY **ORDERED** that **State Defendants' Motion to Compel Plaintiff to Sign Medical/Mental Health Release** [Docket No. 66; Filed August 7, 2008] is **GRANTED**. Plaintiff is directed to execute an authorization to release medical or mental health information and provide this to State Defendants on or before **October 6, 2008**.

## III. Motion to Compel Discovery

In Defendants' second Motion, they request that Plaintiff be compelled to respond to the State Defendants' First Set of Requests for Production of Documents ("Requests for Production"). *Motion to Compel Discovery* [#67] at 1. As grounds, Defendants state that they served their Requests for Production on Plaintiff's counsel via email on June 13, 2008, and Plaintiff's counsel confirmed in writing that she had received the discovery requests. *Id.* at 2. Defendants argue that pursuant to Fed. R. Civ. P. 6(d) and 35(b)(2)(A), Plaintiff's deadline to respond to the requests was July 16, 2008. *Id.* Defendants state that as August 7, 2008, Plaintiff had failed to respond to the Requests for Production, failed to object, and failed to request an extension of time to respond. *Id.* The Court notes that Plaintiff has not responded to Defendants' Motion to Compel Discovery, and, as such, apparently does not dispute that he has failed to respond to State Defendants' Requests for Production. The Court finds that Defendants' Requests for Production are relevant to the case, and that the Motion will be **GRANTED**.

Defendants have requested their reasonable expenses incurred in bringing the Motion to Compel Discovery, including attorney's fees. *Motion to Compel Discovery* [#67]

4

at 3. Based upon Plaintiff's failure to provide the requested discovery within the relevant deadlines, and Plaintiff's complete failure to respond to the Motion to Compel, the Court finds that an award of reasonable expenses may be justified. As Fed. R. Civ. P. 37(a)(5)(A) expressly provides, the Court may award fees and expenses pursuant to Rule 37(a)(5) only after the Court has provided the parties an "opportunity to be heard." To satisfy this requirement, the Court directs Plaintiff to show cause, within **twenty (20) days** of the date of this Order, why he should not be required to pay the reasonable attorney fees and expenses Defendants incurred in filing the Motion to Compel Discovery [#67]. Defendants shall have **fifteen (15) days** thereafter to file a response. No reply will be permitted.

Accordingly, IT IS HEREBY **ORDERED** that **State Defendants' Motion to Compel Discovery** [Docket No. 67; Filed August 7, 2008] is **GRANTED**. Plaintiff shall produce all documents responsive to State Defendants' First Set First Set of Requests for Production of Documents within **fifteen (15) days** of the date of this Order.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 16, 2008